UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

BELFORD WILLIAM REITZ, III,

      Petitioner,

v.

STEVE HAMMER, Warden, and
TOM ROY, Commissioner of Corrections,

      Respondents.

Civil No. 13-1099 (SRN/FLN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a prisoner at the Minnesota Correctional Facility in Rush City, Minnesota, ("MCF-RC"). In 2002, a Minnesota state court jury found Petitioner guilty on two counts of second degree criminal sexual conduct. Petitioner was given a 41-month sentence for one conviction, and a concurrent 36-month sentence for the other conviction. Petitioner's sentence also included a ten-year term of conditional release.

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

After Petitioner was convicted and sentenced, he filed a direct appeal with the Minnesota Court of Appeals. Petitioner challenged the validity of his convictions on two grounds, both of which involved the allegedly wrongful admission of inculpatory evidence during his jury trial. The Court of Appeals rejected both of Petitioner's claims on the merits, and affirmed his convictions. State v. Reitz, No. C2-02-2230 (Minn.App. 2003), 2003 WL 22434266 (unpublished opinion). Petitioner did not seek further review of that decision in the Minnesota Supreme Court.

Petitioner apparently was released from prison after serving a few years of his sentence. However, he was later returned to prison, presumably because he somehow violated the terms of his conditional release. It is unclear when Petitioner returned to prison, and he has not explained how or why he was found guilty of violating the terms of his conditional release. It is clear, however, that Petitioner has been returned to prison, and he is currently incarcerated at MCF-RC.

Petitioner has challenged his present confinement in two state court collateral proceedings – (1) an application for post-conviction relief and a writ of habeas corpus filed in the state district court for Anoka County, and (2) an application for a writ of habeas corpus filed in Chisago County. (Petition, [Docket No. 1], pp. 2-3, § 11.) The first application, filed in Anoka County, was denied in December 2011. (Id., p. 3, § 11(a)(5),(6).) The second application, filed in Chisago County, was denied on March 18, 2013. (Id., p. 3, § 11(b)(5),(6).)

Petitioner represents that he appealed the ruling on his first state court petition, by filing a notice of appeal on April 24, 2013. (Id., p. 3, § 11(c)(1).) He has not indicated whether he appealed the ruling in his second state court collateral proceeding. (Id., p. 3,

§ 11(c)(2).) Nothing in Petitioner's submissions suggests that any Minnesota state appellate court has addressed any of the claims that Petitioner may have raised in any appeal related to his state court collateral proceedings. Petitioner's submissions indicate that his only appeal related to his collateral proceedings was filed just a few weeks ago, April 24, 2013, and it is virtually certain that none of the claims raised in that appeal could have been adjudicated on the merits already.

Petitioner's current habeas corpus petition is dated May 2, 2013, and it was filed on May 9, 2013. The petition lists several grounds for relief related to the conditional release component of Petitioner's sentence in his 2002 state criminal case. However, given the recent vintage of Petitioner's state court appeal, (cited above), it is evident that none of the claims raised in the current habeas corpus petition has been fairly presented to, and decided by, any Minnesota appellate court. Petitioner obviously filed his current federal habeas corpus petition without waiting for the Minnesota Court of Appeals to decide his pending appeal, and without seeking further review (if necessary) in the Minnesota Supreme Court.[2] Thus, the Court finds that Petitioner's current habeas corpus petition must be summarily dismissed, because he has failed to exhaust his state court remedies.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all

---

[2] A website maintained by the Minnesota Judiciary indicates that Petitioner actually has filed appeals in both his Anoka County case and his Chisago County case, and both of those appeals are still pending in the Minnesota Court of Appeals. Thus, the Court's independent research confirms that, as of now, none of the claims raised in Petitioner's state court collateral proceedings has been decided by the Minnesota Court of Appeals, and, of course, none of those claims has gone to the Minnesota Supreme Court.

available state court remedies for all of his claims for relief. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

> "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.... Under our federal system, the federal and state 'courts [are] equally bound to guard and protect rights secured by the Constitution.'"

Rose, 455 U.S. at 518, quoting Ex parte Royall, 117 U.S. 241, 251 (1886).

To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present his or her claims to the highest available state court before seeking relief in federal court. O'Sullivan, 526 U.S. at 845. As explained by the United States Supreme Court:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.] <u>To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)</u>, thereby alerting that court to the federal nature of the claim. [Citations omitted]."

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added).

A habeas petitioner must exhaust his state court remedies for <u>all</u> of the claims that he seeks to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

4

In this case, Petitioner clearly has failed to satisfy the exhaustion of state court remedies requirement. To satisfy that requirement, Petitioner would have to show that <u>all</u> of the claims listed in his current habeas corpus petition have been fairly presented to, and decided on the merits by, the Minnesota Supreme Court. However, Petitioner has not shown that he has ever presented any claim to the Minnesota Supreme Court. He certainly has not shown that all of his current claims have been adjudicated in the Minnesota Supreme Court. Indeed, it clearly appears that, as of now, none of Petitioner's current claims for relief has actually been adjudicated by any Minnesota appellate court.

In order to satisfy the exhaustion of state remedies requirement for his current claims for relief, Petitioner must present those claims to the Minnesota Court of Appeals in the manner prescribed by state procedural law, and he must give that Court an opportunity to hear and decide his federal constitutional arguments. See <u>Rose</u>, 455 U.S. at 518 ("[b]ecause 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation,' federal courts apply the doctrine of comity, which 'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter'") (quoting <u>Darr v. Burford</u>, 339 U.S. 200, 204 (1950)). Furthermore, if the Minnesota Court of Appeals rejects Petitioner's constitutional arguments, he will have to seek further review in the Minnesota Supreme Court before he attempts to raise those arguments in a federal habeas corpus petition. See <u>O'Sullivan</u>, 526 U.S. at ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented

5

to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Because Petitioner has not satisfied the exhaustion of state court remedies requirement for any of his claims for relief, his current habeas corpus petition cannot be entertained in federal court. The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules. However, it will be recommended that this case be dismissed <u>without prejudice</u>, so that Petitioner can return to the state courts and attempt to exhaust all of his federal constitutional challenges to his confinement. Petitioner may return to federal court, (if necessary), after the state courts, <u>including the Minnesota Supreme Court</u>, have reviewed and decided <u>all</u> of the federal constitutional claims that he seeks to present in federal court. See <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1180 (8th Cir. 1993).[3]

## III. CERTIFICATE OF APPEALABILITY

A state prisoner cannot appeal an adverse ruling on a federal habeas corpus petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To

---

[3] The Court notes that Petitioner has done an extremely poor job of presenting his claims in his current petition. He has not provided any information about the factual and procedural circumstances that caused his return to prison, and he has not clearly explained why he thinks he was wrongly returned to prison. If Petitioner ever attempts to seek federal habeas corpus review in the future, he will have to describe the factual and procedural history of his case much more completely, and he will also have to explain his legal reasoning much more clearly.

make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000). In this case, it is virtually certain that no other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. This action be **DISMISSED WITHOUT PREJUDICE**; and

3. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: May  22, 2013

s/ *Franklin L. Noel*<br>
FRANKLIN L. NOEL<br>
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 6, 2013**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.